**IT IS ORDERED**

**Date Entered on Docket: November 6, 2019**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

JOE JESSE MONGE                                          Case No. 11-19-10475-TL
ROSANA ELENA MONGE

Debtors.

## DEFAULT ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 105 THOROUGHBRED COURT SANTA TERESA, NEW MEXICO 88008

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to, filed on September 30, 2019, (DOC 61) (the "Motion") by THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3 ("Creditor"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On September 30, 2019, Creditor served the Motion and a notice of the Motion (the "Notice") on Ronald E Holmes, Attorney for Debtors and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors, Joe Jesse Monge and Rosana Elena Monge, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 105 Thoroughbred Court Santa Teresa, New Mexico 88008, more fully described as:

> Lot 17 in Block 3 of Los Ranchos Del Rio, located in Dona Ana, New Mexico, as the same is shown and designated on the plat thereof filed for record in the office of the County Clerk of Dona Ana, New Mexico on November 27, 1984 and recorded in Book 13 at Pages 344-345, Plat Records.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on October 24, 2019;

(f) As of November 1, 2019, no party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Creditor certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are a parties, to the extent permitted by applicable non-bankruptcy law,

such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

    (b)  To exercise any other right or remedy available to it under law or equity with respect to the Property.

  2.  The Property is deemed abandoned by the estate pursuant to 11 U.S.C. §554 as of the entry of this Order, and the Property therefore no longer is property of the estate.

  3.  The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as a defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

  4.  This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

  5.  This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

  6.  This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

  7.  Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

5952-496-SFB 7233522.docx mdb  3

Case 19-10475-t11  Doc 69  Filed 11/06/19  Entered 11/06/19 16:17:43  Page 3 of 4

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/ Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Joe Jesse Monge
Rosana Elena Monge
Debtors
PO Box 13051
El Paso, TX 79913

Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW Suite 350
Albuquerque, NM 87102-3111
Telephone: 505-243-1335