UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

JOE JESSE MONGE, and                                   Case No.   19-10475-t11
ROSANA ELENA MONGE

    Debtors.

## U. S. TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7, OR IN THE ALTERNATIVE MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

COMES NOW the United States Trustee for the District of New Mexico, and pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112(b)(4)(c), respectfully moves this Court for an order converting this case to one under chapter 7 or in the alternative, dismissing the above-captioned chapter 11 case, and in support thereof, states:

    1.    On March 6, 2019, Joe Jesse Monge and Rosana Elena Monge ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The case converted to Chapter 11 by order entered May 24, 2019 on motion filed by Debtors.   Debtors have since acted as debtors-in-possession pursuant to 11 U.S.C. § § 1107 and 1108.

    2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

    3.    Section 1112(b) of the United States Bankruptcy Code requires, in the absence of "unusual circumstances," that the Court shall convert a Chapter 11 case to one under Chapter 7, or dismiss the Chapter 11 case, if a party in interest establishes "cause."   11 U.S.C. § 1112(b);  *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *3 (Bankr. D. Md., Dec. 20, 2007); *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (E.D. Pa. 2006).   Specifically, § 1112(b) provides:

> [O]n request of a party in interest, and after notice and a hearing,
> absent unusual circumstances specifically identified by the court

1

> that establish that the requested conversion or dismissal is not in the best interest of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

4. The Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *Skeen, Goldman, LLP*, 2007 WL 4556683 at *4; *In re: AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

5. Upon commencement of the case, the U.S. Trustee provided the Chapter 11 Guidelines and Reporting Requirements to the attorney for the Debtors In Possession. Since the attorney for the Debtors withdrew as counsel pursuant to order entered June 13, 2019, the U.S. Trustee sent the Chapter 11 Guidelines and Reporting Requirements to the Debtors on June 20, 2019 and to the Debtors and accountant for the Debtors on June 21, 2019. The reporting and other requirements of the debtors-in-possession are clearly outlined and contained several hyperlinks that contain pertinent information for the debtor in possession to promptly review, namely the United States Trustee Financial Requirements Checklist. The deadline for submitting the United States Trustee Financial Requirements Checklist (the initial report) and required documents was June 14, 2019.

6. The attorney for the debtor in possession was instructed to contact the U.S. Trustee's office to schedule an Initial Debtor Interview ("IDI") as well as file the required schedules and statements, financial information, documents and declarations within 21 days of conversion of this case to Chapter 11 and prior to the scheduled § 341 creditors' meeting. This instruction was

also sent to the Debtors on June 20, 2019. The U.S. Trustee sent the Chapter 11 Guidelines and Reporting Requirements again to the Debtors and the accountant for the Debtors on July 25, 2019 as a reminder. Debtors never attended an IDI despite attempts by the U.S. Trustee staff to arrange one, nor have they complied with the Chapter 11 Guidelines and Reporting Requirements in all respects.

7. Debtors' initial report package is deficient, having failed to provide, *inter alia,* evidence of insurance of all estate assets. Debtors failed to provide evidence of insurance on their vehicles, and Debtors testified at their first meeting of creditors on July 11, 2019 that they were unable to obtain insurance on their house. These facts support a finding of "cause" to convert or dismiss the case. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

8. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, the chapter 11 debtor-in-possession is required to file Monthly Operating Reports with the court and with the U.S. Trustee on a monthly basis.

9. The failure to file Monthly Operating Reports constitutes cause, pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter

3

> 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Case nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case"); *In re Modern Office Supply, Inc.*, 28 Bankr. 943 (Bankr. W.D. Okla. 1983) ("[t]he debtor in possession becomes its creditors' trustee and is required to conduct itself as one. The disclosure of financial condition by periodic reporting to interested parties is high on the list of fiduciary obligations and is to be excused only for justifiable cause").

10. The Debtors have not filed one single Monthly Operating Report in this case. The Debtors are delinquent in the filing of the Monthly Operating Reports for May 2019 through December 2019; the January 2020 report will be due shortly. Since these reports have not been filed, the financial health of the debtors cannot be determined and quarterly fees have been estimated. This also precludes the United States Trustee from determining if other administrative expenses are being left unpaid. Without the filing of monthly operating reports, the U.S. Trustee cannot determine with certainty whether the Debtors are paying the correct amount in quarterly fees and must assume, at this time, that they are delinquent on the payment of the statutory fees.

11. Debtors are not represented by counsel in this case and appeared at the first meeting of creditors on July 11, 2019 with a person they described as their accountant. The Debtors have not filed an application to employ this person (Laura Garcia) as their accountant in this case, despite this issue having been addressed at the creditors' meeting. Without the filing of

monthly operating reports, the U.S. Trustee and this court are unable to determine whether Debtors are paying their accountant without court approval.

12. Upon information and belief, the Debtors filed their bankruptcy case to save their house, which is subject to a mortgage in favor of Bank of New York Mellon fka Bank of New York in excess of $1.6 million. The Debtors schedule the value of the house in their Schedule A as being $250,000.

13. Bank of New York Mellon filed its motion for relief from the automatic stay on September 30, 2019 (Doc. 61), asserting that the debt was $1,628,389, with the arrearage dating back to August 1, 2008. The motion for relief from the stay also stated that Bank of New York Mellon received a foreclosure judgment from the state court on January 10, 2019. The motion shows that it was served on the Debtors at the mailing address shown on their original petition. (Doc. 61).

14. On November 6, 2019, this court entered its default order granting Bank of New York Mellon's motion for relief from the automatic stay to foreclose on the house, as no response or objection had been filed to the motion (Doc. 69). Notice of this order was sent to the Debtors at the mailing address shown on their original petition. (Doc. 70).

15. On January 7, 2020, Debtors filed a motion requesting an expedited hearing on reconsideration of the default stay relief order (Doc. 71). Bank of New York Mellon's response filed on January 28, 2020 to this motion stated that the foreclosure sale of the house had been scheduled for January 15, 2020, and that on January 14, 2020 the Debtors conveyed the property to Joseph Monge Jr, a single person, through a Quitclaim Deed Recorded on January 14, 2020 as

Document number 2001210 in the records of Dona Ana County. A true and correct copy of the deed is attached hereto as "Exhibit A".

16. Joseph J. Monge Jr filed a voluntary Chapter 13 bankruptcy petition on January 15, 2020 at 12:57PM under case number 20-10081-j13. Upon information and belief, Joseph J. Monge Jr. is Debtors' son.

17. Debtors previously filed a Chapter 11 case under case number 09-30881, filed in the Western District of Texas on April 27, 2009. They received a Chapter 7 discharge on April 20, 2018, after the case was converted by order entered September 10, 2015. Since the case in which they obtained a discharge was filed more than eight years prior to this case, the Debtors are again eligible for a Chapter 7 discharge.

18. **The U.S. Trustee waives the thirty day hearing commencement requirement of 11 U.S.C. § 1112(b)(3).**

WHEREFORE, the U. S. Trustee's Office requests that this Court enter an order converting this case to one under Chapter 7 or in the alternative dismissing this bankruptcy proceeding, and for such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    ILENE J. LASHINSKY
    United States Trustee

    */s/ filed electronically February 4, 2020*
    ALICE NYSTEL PAGE
    Trial Attorney
    Office of the U. S. Trustee
    P. O. Box 608
    Albuquerque, NM 87103
    (505) 248-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent to the following counsel of record via electronic transmission and to those individuals listed on the Clerk's Service List associated with this case on February 4, 2020. I also certify that on February 4, 2020, I mailed a copy of the foregoing to the below mentioned parties:

Joe Jesse Monge
Rosana Elena Monge
Debtors
PO Box 13051
El Paso, TX 79913

*/s/ Alice Nystel Page*
Alice Nystel Page
Trial Attorney